# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12–Civ–21952-JAL

---

FIRST TIME VIDEOS LLC,

      Plaintiff,                          Judge: Honorable Joan A. Lenard

v.

JOHN DOE,

      Defendant.

---

## PLAINTIFF'S RESPONSE TO MOVANT'S OBJECTION

An anonymous individual ("Movant") filed an objection with the Court opposing "the disclosure to the plaintiff of my identifying information which the plaintiff seeks in referenced subpoena." (ECF No. 17.) Movant's lone statement in support of his objection is that he "wish[es] to protect [his] privacy." (*Id.*) Movant's objection should be denied for the reasons set forth below.

## DISCUSSION

Movant's motion should be denied for two reasons. First, Movant failed to comply with Federal Rule of Civil Procedure 11. Second, Plaintiff's need for Movant's identifying information outweighs his limited privacy interest.

## I.    MOVANT'S MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number."

1

Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990). Courts routinely deny motions for failing to comply with this essential rule. *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."); (*see also* ECF Nos. 19, 22).

Movant fails to provide a signature, name, address, e-mail address, telephone number, or IP address. (*See generally* ECF No. 17.) This Court cannot be sure that Movant has any legal status in this case. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movant's motion for failure to comply with this rule.

## II.     PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Plaintiff's need for the discovery of Movant's identity outweighs Movant's limited privacy interest. *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights

to anonymity to be minimal); *MCGIP, LLC v. Does 1-14*, No. 11-2887, at *2 (N.D. Ill. July 26, 2011), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies.").

Movant cannot cloak his identity in privacy concerns when the infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). The Court should deny Movant's objection as Plaintiff's need for his identifying information outweighs his limited privacy interests.

## CONCLUSION

The Court should deny Movant's objection. Movant failed to comply with Federal Rule of Civil Procedure 11. Plaintiff's need for Movant's identifying information outweighs his limited privacy interests.

[intentionally left blank]

Respectfully submitted,

First Time Videos LLC

DATED: July 31, 2012

By:     /s/ Joseph Perea
        Joseph Perea (Bar No. 47782)
        Joseph Perea, P.A.
        9100 S. Dadeland Blvd
        Suite 1500
        Miami, Florida 33156
        Telephone: (305) 396-8835
        Facsimile: (305) 396-8752
        E-mail: Perealaw@gmail.com
        *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that on July 31, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


                                                  /s/ Joseph Perea
                                                  JOSEPH PEREA