IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FIRST TIME VIDEOS LLC,

        Plaintiff,

v.

JOHN DOE

        Defendants.

_____/

Case No. 1:12-CV-21952-JAL

## REPLY TO RESPONSE TO MOTION FOR RECONSIDERATION, TO QUASH AND FOR A PROTECTIVE ORDER

John Doe 98.184.178.191,[1] by and through undersigned counsel, files this Reply to Plaintiff's *Response to Motion for Reconsideration, to Quash, and for a Protective Order* [DE 45]. Plaintiff's Response failed to address the key element of the Motion: that Plaintiff cannot proceed against John Doe 98.184.178.191 by simply listing John Doe 98.184.178.191 as a "joint-tortfeasor" in a list of over 500 non-parties.

This case is not as the Response paints it to be. It is a not a copyright infringement suit filed simply against 25 IP Addresses that allegedly were used to download the same file in this state. Rather, it began as a case against a single John Doe, with hundreds of "Joint Tortfeasors" tacked onto an Exhibit to the Complaint. Later, Plaintiff amended the Complaint to list 25 "Doe Defendants" and over 500 other IP Addresses characterized as Joint Tortfeasors. D.E. 27. The Complaint puts forth identical allegations towards both categories of John Does, leaving no basis for this bizarre distinction. As the Motion pointed out,

> *[T]his suit represents a new and more egregious departure from the usual model* presented in these cases. Facing numerous adverse rulings on the issue of joinder around the country, including recent rulings within the Southern District of Florida,

---

[1] Throughout this motion, the Movant John Doe is identified by his/her IP Address so as to remain anonymous. Movant would typically seek relief using the "John Doe" number that corresponds to the identified IP Address in the exhibit to the Complaint, however, the exhibit filed in this case did not assign John Doe numbers to the subject IP addresses

> these plaintiffs now seek to obtain individuals' private information simply by tacking thousands of IP Addresses onto a list attached the Complaint and labeling them "Joint Tortfeasors." This makes it all the more clear that the discovery sought is utterly irrelevant to the actual suit presented to the Court.

*Motion* at 2 (emphasis in original). However, Plaintiff's Response inexplicably ignores the entire premise of the Motion and the bizarre nature of this case.

As the Motion stressed, the unique scheme at work here – naming only one or a small number of Does and then attempting to shoe-horn in discovery regarding thousands of other non-Defendants – has been tried before by this Plaintiff, and was rejected. *E.g.*, *First Time Videos, LLC*, 2012 WL 170167 at *4, No. 2:11-cv-3478-GEB-EFB (E.D. Cal. Dec. 30, 2011) (rejecting discovery as to Does listed as co-conspirators in an identical case filed by Plaintiff). Plaintiff's response never mentions this, instead misleadingly implying that this case is the same as others filed before this Court. However,

> Because plaintiff's complaint does not purport to sue John Doe's alleged "co-conspirators" at this time, in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discover their identities at this early stage outweighs the prejudice to those individuals, or that the request to subpoena all of those individuals' ISPs is reasonable at this time, in light of all the surrounding circumstances. *See* . . . . Therefore, the remainder of plaintiff's request for expedited discovery will be denied without prejudice.

*First Time Videos, LLC*, 2012 WL 170167 at *3 (allowing discovery as to the individual Doe listed as a defendant but denying as to listed "co-conspirators"); *accord Pac. Century Int'l, Ltd. v. Doe*, CIV 2:11-CV-3479 KJM, 2012 WL 2522146 (E.D. Cal. June 28, 2012) (Order allowing early discovery "is vacated to the extent it grants plaintiff leave to conduct expedited discovery as to the non-party co-conspirators. All subpoenas that have been issued seeking discovery as to the non-party co-conspirators are ordered quashed."); *CP Prod. v. Doe*, 2:12-CV-0616 WBS JFM, 2012 WL 3205621 (E.D. Cal. July 31, 2012) (same).

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.:  0016244
danny@lslawpl.com
Kubs Lalchandani
Florida Bar No.:  0063966
kubs@lslawpl.com
25 SE 2nd Avenue., Suite 1050
Miami, Florida 33131
Tel:   (305) 999-5291
Fax:   (305) 671-9282
*Attorneys for John Doe 98.184.178.191*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of August 24, 2012.

By: /s/ Daniel J. Simon
Danny Simon, Esq.