UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, | : |
|  | : Case No. 1:12-cv-21952-JAL |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| DOES 1 – 25, | : |
|  | : |
| Defendants. | : |
|  | : |
|  | : |

**MOVANTS' REPLY TO PLAINTIFF'S OMNIBUS RESPONSE TO MOVANTS' MOTIONS TO VACATE THE COURT'S ORDER, ISSUE PROTECTIVE ORDERS, AND QUASH SUBPOENAS [DOC. NO. 44]**

Comes now, Robert Roe, identified by the IP address 72.220.25.121, and Sammy Soe, identified by the IP address 68.226.107.166, (the "Movants") by and through undersigned counsel, and file this Reply to Plaintiff's Omnibus Response to Movant's Motions to Vacate the Court's Order, Issue Protective Orders, and Quash Subpoenas [Doc. No. 44].

**I.   The Magistrate Judge's Order Granting Plaintiff's *ex parte* Motion for Expedited Discovery [Doc. No. 16] Should Be Vacated Because it is Clearly Erroneous and Contrary to Law**

Movants request that the Court reconsider and vacate the Magistrate Judge's Order Granting Plaintiff's *ex parte* Motion for Expedited Discovery [Doc. No. 16], pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Magistrate Judge Rule 4(a). Motions to vacate and reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1983). Upon such motion, or *sua sponte*, any portion of a Magistrate Judge's order that is clearly erroneous or contrary to law shall be set aside. 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a).

Motions for reconsideration were recently granted in two mass BitTorrent copyright infringement actions based on separate reasoning, both of which are applicable here. *See Pacific Century International, Ltd. v. Doe*, No. 2:11-cv-3479-KJM-JFM, slip op., 2012 WL 2522146 (E.D. Cal. June 28, 2012); *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-cv-545-JES-SPC, *Order* [Doc. No. 248] (M.D. Fla. May 24, 2012). The court in *Pacific Century* reasoned that that the identifying information of alleged nonparty "co-conspirators" was irrelevant and an inappropriate subject for expedited discovery. *Pacific Century*, 2012 WL 2522146, at *4. The court in *Nu Image* reasoned that the complaint failed to sufficiently allege personal jurisdiction, as is required by the Due Process Clause. *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-cv-545-JES-SPC, *Order* [Doc. No. 248], at 2.

In *Pacific Century* the plaintiff had filed a complaint alleging copyright infringement, contributory infringement, and civil conspiracy against a single John Doe defendant and many "co-conspirators". *Pacific Century*, 2012 WL 2522146, at *1. The plaintiff made an *ex parte* application for leave to take expedited discovery to identify the John Doe defendant and "co-conspirators", and the court granted the plaintiff's motion. *Id.* at *1-2. Subsequently, one of the "co-conspirators" moved for reconsideration of the order granting the plaintiff's motion for expedited discovery. *See id.* at *1. The court determined "that reconsideration is warranted on the ground that the co-conspirator discovery is unnecessary to identify the named John Doe defendant." *Id.* at *4. The court reasoned that:

> Although plaintiff contends that it may seek leave to join the coconspirators, plaintiff has not done so, and it is not clear that the court would permit such joinder. Further, because the court granted plaintiff's request for expedited discovery regarding John Doe's identity, plaintiff's concerns that without knowing the identities of John Doe and his co-conspirators, "[p]laintiff will have no means to name and serve anyone with process" and "will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and

2

> any co-conspirators who are later joined to this action" are unconvincing. Here, plaintiff was given authority to issue a subpoena to John Doe's ISP. Once that ISP responds to the subpoena, plaintiff will presumably be able to identify John Doe, serve process, and proceed with this action (including regularly scheduled discovery). Thus, because plaintiff does not need expedited discovery as to the alleged co-conspirators in order to proceed with this case, that "need" does not outweigh the prejudice to the ISPs, which would necessarily incur some burden (albeit minimal) in responding to the subpoenas.

*Id.* The court then vacated the portion of its previous order that had granted plaintiff leave to conduct expedited discovery as to the nonparty "co-conspirators". *Id.*

The reasoning set forth in *Pacific Century* is completely applicable to the situation presented to the Court here. Plaintiff has provided no explanation for the bizarre construction of its Amended Complaint – setting forth identical allegations towards 25 John Doe Defendants and 520 nonparty "joint tortfeasors". As such, it should be viewed as no more than an ill-conceived attempt to mask serious issues with personal jurisdiction and misjoinder, and rob these individuals of the opportunity to challenge these subpoenas seeking the disclosure of their confidential personally identifying information on file with their ISPs. However, in its attempt to sidestep adverse precedent, Plaintiff failed to recognize that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978).

In the Middle District of Florida Honorable Judge Steele reconsidered the magistrate judge's order denying a defendant's motion to quash and/or vacate in a similar mass BitTorrent copyright infringement suit. *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-cv-545-JES-SPC, *Order* [Doc. No. 248] (M.D. Fla. May 24, 2012). In denying the defendant's motion, the magistrate judge found that there was "enough of a connection to the State of Florida to support jurisdiction" over the defendant, despite the defendant's assertion that he did not reside in the state. *Id.* at 1. Based on the finding that the plaintiff had failed to sufficiently allege personal

jurisdiction over the defendant in the Complaint, Judge Steele held "that the order was clearly erroneous or contrary to law." *Id.* at 2.

Here, Plaintiff asserts that it "is not required to establish personal jurisdiction at this stage of the litigation," and even goes so far as to claim that "personal jurisdiction does not even have to be pled." (Pl.'s Omnibus Resp. [Doc. No. 44], at 5.) However, Plaintiff undervalues the role of personal jurisdiction and misstates its pleading obligation, at least as it is applied in the Eleventh Circuit.

The Supreme Court has stated that "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (citing cases). This requirement flows from the Due Process Clause and "recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty. Thus, the test for personal jurisdiction requires that the maintenance of the suit not offend traditional notions of fair play and substantial justice." *Id.* at 702-03 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and ellipsis omitted).

The Eleventh Circuit has repeatedly held the personal jurisdiction requirement's restriction on judicial power in high regard. *E.g. Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action"); *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962)[1] ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss"). It has instructed that "[a]s a general rule, courts

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's case." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted). Contrary to Plaintiff's assertion, its Amended Complaint must sufficiently allege a prima facie case of personal jurisdiction. *Posner*, 178 F.3d at 1214; *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328-29 (Fed. Cir. 2008). Further, vague and conclusory allegations in a complaint are insufficient. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006); *Posner*, 178 F.3d at 1217-18.

As such, the Court should reconsider and vacate the Magistrate Judge's Order Granting Plaintiff's *ex parte* Motion for Expedited Discovery [Doc. No. 16] because it erroneously permits discovery as to nonparties for use in proceedings other than the pending suit and lacks validity as a result of Plaintiff's failure to adequately allege personal jurisdiction in its Amended Complaint.

## II.     Plaintiff Unduly Burdened Movants by Needlessly Issuing the Subpoena from a Distant Forum

Movants agree that the Subpoena complies with Rule 45(a)(2)(C)'s requirement that a subpoena be issued from the district where the documents are to be produced. However, Plaintiff's arbitrary choice to issue the Subpoena and require production in a district neither home to the underlying litigation nor the subpoenaed nonparty ISPs creates an undue burden in violation of Rules 1, 26(b)(2)(C), 26(c)(1), and 45(c)(1).

Plaintiff does not assert that the issuing district was chosen to alleviate potential burden that the Subpoena might impose on the nonparty ISP or the nonparty "joint tortfeasors" who desire to assert their privacy interest in the subpoenaed information. Rather, Plaintiff claims that "Plaintiff's counsel[, Prenda Law,] handles its nationwide subpoena compliance procedure through the District of Columbia." (Pl.'s Omnibus Resp. [Doc. No 44], at 8.) However, during a

hearing in *AF Holdings, LLC v. Comcast Communications, LLC*, No. 1:12-cv-3516 (N.D. Ill. Jun. 14, 2012), Mr. Paul Duffy, the president of Prenda Law and executor of the Subpoena, told the Northern District of Illinois that he issued subpoenas from that district arising from underlying actions in Florida and Texas because that is where his firm was located.

> COURT: Why file your cases, Mr. Duffy, or your -- why try and enforce your subpoenas here in Illinois rather than in Texas and Florida?
> MR. DUFFY: Well, we issued the subpoenas out of the Northern District of Illinois because that's where the plaintiff's law firm, my law firm, is located.

*Id.*, Transcript of Proceedings, at 3:1-6. Prenda Law is an Illinois corporation, and also has an office in Miami Beach. Given the large number of subpoenas that Prenda Law issues from litigation arising in our state, it would be a minimal burden for Plaintiff's counsel to arrange for their subpoena compliance procedures in these cases to operate out of their Miami Beach office.

Plaintiff further attempts to deflect the enormous burden that its arbitrary issuance of the Subpoena from a distant forum has placed on Movants by claiming that "parties can always challenge the disclosure of their identifying information in the court where the underlying action is pending. *See, e.g.*, Fed. R. Civ. P. 26(c). Indeed Movants' motion includes requests for relief that may be sought before this Court." (Pl.'s Omnibus Resp. [Doc. No 44], at 9-10.) However, in the very next section, Plaintiff's Omnibus Response goes on to claim that Movants are not entitled to relief under Rule 26(c). *Id.* at 10. Plaintiff also overlooks the fact that while the underlying court may prevent the disclosure sought by the Subpoena through a Rule 26(c) protective order, unlike the filing of a Rule 45 motion to quash, enforcement of the Subpoena is not stayed until such an order is issued.

Plaintiff's arbitrary issuance of the Subpoena from the District of Columbia unnecessarily burdens Movants by expanding this litigation to a second forum thousands of miles from both their residences and this Court. As such, the Order granting Plaintiff's *ex parte* Motion for

Expedited Discovery should be vacated, or a protective order should be issued preventing Movants' ISP from disclosing their personally identifying information.

> Respectfully submitted,
>
> TAMAROFF & TAMAROFF, P.A.
> The Alfred I. DuPont Building
> 169 East Flagler Street, Suite 1633
> Miami, Florida 33131
> Tel: (305) 350-7440
> Fax: (305) 350-7441
> admin@tamarofflaw.com
>
> By: /s/ David F. Tamaroff            .
>   **DAVID F. TAMAROFF**
>   Florida Bar No. 92084
>   david@tamarofflaw.com
>   **DANIEL F. TAMAROFF**
>   Florida Bar No. 92083
>   *Attorneys for Robert Roe*
>   *and Sammy Soe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

> By: /s/ David F. Tamaroff            .
>   **DAVID F. TAMAORFF**