UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12–Civ–21952-JAL-JJO

FIRST TIME VIDEOS LLC,

    Plaintiff,

v.

DOES 1-25,

    Defendant.

Judge: Honorable Joan A. Lenard

Magistrate Judge: Honorable John O'Sullivan

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO DISMISS, MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, AND MOTION TO SEVER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 69.133.87.42 filed, through attorney Mark Sobocienski, a motion to dismiss, a motion to quash, a motion for protective order, and a motion to sever (collectively the "motion"). (ECF No. 41.) Movant's motion consists of seven arguments. First, Movant argues that Plaintiff's subpoena should be quashed because Plaintiff failed to sufficiently plead personal jurisdiction. (*Id.* at 5-6.) Second, Movant argues that he should be dismissed from the case for improper venue. (*Id.* at 6-9.) Third, Movant argues that the Court lacks jurisdiction over the subpoenaed Internet Service Providers ("ISPs"). (*Id.* at 9-12.) Fourth, Movant argues that Plaintiff's subpoena unduly prejudices him. (*Id.* at 12-13.) Fifth, Movant argues that Plaintiff has improperly joined the Defendants in this case. (*Id.* at 14-15, 17-20.) Sixth, Movant argues he is entitled to a protective order or to require disclosure to proceed under seal. (*Id.* at 15-16.) Finally, Movant argues that non-cumulative joint and several liability cannot stand. (Id. at 20-23.) For the reasons set forth below, Movant's motion should be denied.

1

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant's motion suffers from multiple procedural defects. Part II argues that Movant's motion should be denied on the merits of its arguments.

I. **MOVANT'S MOTION SUFFERS FROM FATAL PROCEDURAL DEFECTS**

Movant's motion suffers from two procedural defects. First, Movant has brought his motion to quash before the wrong court. Second, Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises and to move to dismiss Plaintiff's claims.

A. **Movant Has Brought His Motion to Quash Before the Wrong Court**

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena . . .") (emphasis added); *see also Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6 ("the rule permits only 'the issuing court' to quash or modify a subpoena"). Movant's ISP is Bright House Networks, LLC. (ECF No. 41-2.) The subpoena to Bright House Networks, LLC was issued from the District of Columbia. (*Id.*) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc*., 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### B. Movant Lacks Standing to Move to Quash Plaintiff's Subpoena Based on the Arguments He Raises and to Move to Dismiss the Complaint

Movant lacks standing to move to quash Plaintiff's subpoena based on the arguments he raises and lacks standing to move to dismiss Plaintiff's complaint. In regards to Movant's motion to quash, when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privacy or privilege. *Boy Racer, Inc. v. John Does 1-34*, No. 11-23035 (S.D. Fla. May 1, 2012), ECF No. 59 at *6-7 (holding that movant may not seek to quash or modify a subpoena on behalf of the non-party to which it was issued, unless the subpoena required "disclosure of privileged or other protected matter"); *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's May 31 Order (ECF No. 16) were issued to nonparty ISPs. Movant makes several references to the identifying information Plaintiff seeks as being privileged (ECF No. 41 at 2, 10, 12, 16), but does not further elaborate on why it is privileged. Further, courts have held that the identifying information Plaintiff seeks is not privileged. *See, e.g.*, *Hard Drive Productions, Inc. v. Does 1-1,495*, No. 11-1741 (D.D.C. Aug. 13, 2012), ECF No. 49 at *5 ("Furthermore, as I have already held in this case, there is no privilege, recognized by the law, that would protect this information from being disclosed to [the plaintiff] for the purposes sought.") Movant's motion should

3

therefore be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

In regards to Movant's motion to dismiss, Movant lacks standing because he is not yet a party to this action. *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert [Rule 12(b)] defenses by motion …") (emphasis added); *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (explaining that under common law, unserved parties are nonparties). At this procedural juncture, Movant is simply a third-party who may later be named as a defendant in this action—at which time Movant would certainly have standing to move for dismissal of Plaintiff's complaint. It seems obvious that someone is who is not a party to the case cannot be dismissed from it.

## II. MOVANT'S MOTION SHOULD BE DENIED ON THE MERITS OF ITS ARGUMENTS

Even if Movant's motion did not suffer from fatal procedural defects, his motion should still be denied on the merits of its arguments. Plaintiff will address each of Movant's arguments in the order that they are raised. First, Movant's personal jurisdiction and venue arguments are premature and erroneous. Second, Movant cannot credibly claim that the subpoena issued to Movant's ISP would unduly prejudice Movant. Third, Movant cannot be severed from litigation to which he is not a party. Fourth, Movant is not entitled to a protective order or to require that disclosure take place under seal. Finally, Movant's arguments on the merits of Plaintiff's complaint are not a basis for the relief he seeks.

### A. Movant's Challenges to Personal Jurisdiction and Venue Are Premature and Erroneous

Movant makes three distinct, but related personal jurisdiction and venue arguments. (ECF No. 41 at 5-12.) First, Movant argues that the Court should quash Plaintiff's subpoena because

Plaintiff failed to sufficiently plead personal jurisdiction. (*Id.* at 5-6.) It is well established, however, that personal jurisdiction does not have to be pled. *See e.g., Caribbean Broadcasting System v. Cable & Wireless*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) ("To be sure, [the plaintiff] had no obligation to make specific allegations relevant to personal jurisdiction in its complaint because lack of personal jurisdiction is an affirmative defense and so must be raised by the defendant. . . . [Plaintiff's] obligation to make some allegations relating to personal jurisdiction arose, therefore, only after [the defendant] had filed its motion to dismiss and supporting affidavit."); *Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a motion under Rule 12(b)(2) . . . ."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474–75 (D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the defendant challenges personal jurisdiction). Movant's argument that Plaintiff failed to sufficiently plead personal jurisdiction is not a basis for the relief he seeks.

Further, Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *AF Holdings v. Does 1-1,058*, No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46 at 27-37 (thoroughly analyzing the issues of personal jurisdiction and venue at length and determining that personal jurisdiction and venue arguments are premature at this stage of the litigation.), attached hereto as Exhibit A. The court in *Hard Drive Productions, Inc. v. Does 1-1,495* echoed the decision by the *AF Holdings* court and explained why personal jurisdiction and venue challenges were premature:

> it is improper as a matter of law to evaluate questions of personal jurisdiction and venue when no defendants have yet been named because 1) a plaintiff is not obliged to assert a basis for personal jurisdiction over the defendant in her complaint; 2) when there are no named defendants, there is no one whose ties to the District of Columbia can be evaluated with respect to jurisdiction or venue; 3) it is premature to consider personal jurisdiction before plaintiff has an opportunity to conduct relevant discovery; and 4) it is improper to consider personal jurisdiction prior to the naming of defendants since individuals may choose to waive their defenses and litigate in the forum.

No. 11-1741 (D.D.C. Aug. 13, 2012), ECF No. 49 at *6, attached hereto as Exhibit B. Courts nationwide have consistently held the same. *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court finds [movant's] arguments concerning personal jurisdiction to be premature as it remains unclear whether this individual is a party to this litigation. Moreover, the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."); *MCGIP, LLC v. John Does 1-32*, No. 11-22210 (S.D. Fla. Oct. 11, 2011), ECF No. 13 at *1 ("The personal jurisdiction argument made by the filer of the motions is premature."); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *6 ("The Court does not have the necessary information to evaluate issues of personal jurisdiction at this time.").

The Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Call of the Wild Movie,*

*LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional defenses."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *AF Holdings*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *5 ("the putative defendants' personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit. Given that they are not named parties, the putative defendants are not required to respond to the allegations presented in the plaintiffs Second Amended Complaint or otherwise litigate in this district."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

Second, Movant argues that he must be dismissed from the action because venue is improper. (ECF No. 41 at 6-9.) Like Movant's challenge to personal jurisdiction, his challenge to venue is also premature before actual Defendants are named and served in this case. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 793 n.30 (1985) ("Venue provisions come into play only after jurisdiction has been established and concern the place where judicial authority may be exercised; rather than relating to the power of a court, venue relates to the convenience of litigants and as such is subject to their disposition.") (internal quotation marks and citations omitted); *AF Holdings*, No. 12-00048 (D.D.C. Aug. 6, 2012), ECF No. 46 at 27 ("At this procedural juncture, evaluating potential jurisdictional or improper venue defenses, which may

ultimately be waived by any future defendants, is premature."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *1 ("[movant's] assertion of improper venue and/or inconvenient forum may have merit but, at this juncture of the proceedings, is premature."); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *8 ("with regard to the putative defendants' jurisdictional, venue, and merits arguments, these positions are without merit because the putative defendants are not named as defendants in this lawsuit, and they may never be named as defendants in this lawsuit."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them, that venue may be improper, that the defendants have been improperly joined in this action . . . . These arguments are premature."). Movant's venue arguments similarly do not provide a basis for the relief Movant seeks.

Third, Movant argues that the "Court must quash the Subpoena due to its lack of jurisdiction over the subpoenaed party, Bright House Networks." (ECF No. 41 at 9-12.) Movant does not provide, and Plaintiff is not aware of, any authority that requires the Court to have jurisdiction over a non-party subpoena recipient in order for the subpoena to be valid. (*See generally* ECF No. 41.) Perhaps understanding this, Movant instead argues that "a subpoena must issue [sic] 'from the court for the district where the production or inspection is to be made.'" (*Id.* at 10) (citing Fed. R. Civ. P. 45(a)(2)(C)). Plaintiff has complied with this requirement. "Production" refers to the delivery of documents, not their retrieval, and therefore "the district in which the production . . . is to be made" is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over. *In re General Motors Corp. Dex-Cool Products*, No. 03-1562, 2007 WL 627459, at *1 (S.D. Ill. Feb.

27, 2007) (citing *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404 (3rd Cir. 2004); *Stewart v. Mitchell Transport*, No. 01-2546, 2002 WL 1558210, at *2–3 (D. Kan. July 8, 2002); *see also* Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment, Subdivision (a) ("Paragraph (a)(2) makes clear that the person subject to the subpoena is required to produce materials . . . whether or not the materials are located within the district or within the territory within which the subpoena can be served.").

Here, the records are required to be produced at Plaintiff's counsel's office in the District of Columbia. (ECF No. 41-2.)[1] Therefore, the subpoena was issued from a court in the District of Columbia and not from the Southern District of Florida as Movant incorrectly claims. (ECF No. 41 at 10) ("The Subpoena was issued from the United States District Court for the Southern District of Florida."). Issuance of subpoena out of the District of Columbia properly complies with Federal Rule of Civil Procedure 45. 9 James Wm. Moore et al., Moore's Federal Practice § 45.03 (3d ed. 2000) ("The subpoena should be issued from the Court where the production of documents is to occur, regardless of where the documents are located."). Movant's argument does not provide a basis for the Court to quash Plaintiff's subpoena.

Movant's three personal jurisdiction and venue arguments are premature and erroneous, and do not provide a basis for the relief Movant seeks.

### B. Movant Cannot Credibly Claim that the Subpoena Issued To Movant's ISP Would Unduly Prejudice Movant

Movant argues that the release of his identifying information would be unduly prejudicial to him. (ECF No. 41 at 12.) As an initial matter, this argument is not a basis to quash or modify

---

[1] Plaintiff enjoys a working relationship with several ISPs. Plaintiff routinely issues subpoenas from the District of Columbia for its cases brought nationwide (including cases brought in the District of Columbia). Issuing subpoenas from the District of Columbia has been convenient and productive for the ISPs, because it creates consistency and the ISPs have procedures in place to handle Plaintiff's subpoenas issued from that district.

Plaintiff's subpoena. *See* Fed. R. Civ. P. 45(c)(3). In support of his argument Movant argues that Plaintiff "wrongfully equates the subscriber of the internet service to the alleged infringer." (ECF No. 41 at 12.) Movant is correct that an Internet subscriber associated with an IP address used for the infringement is not automatically the infringer. Determining the identity of the subscriber, however, is an *essential* first step to identifying the actual infringer. Even if the subscriber is not the infringer, he or she is the only person accessible to Plaintiff that would be able to lead Plaintiff to the true infringer. An informal meet and confer with a subscriber is often sufficient to determine whether or not the subscriber is the infringer, and, if not, who the actual infringer is. Plaintiff has no desire to name and serve any innocent individuals in this lawsuit and understands it has an obligation to bring claims against someone if it has a good faith basis to do so. Fed. R. Civ. P. 11. Without this initial identifying information, however, Plaintiff will be unable to identify anyone that infringed on its copyrighted work and will be unable to proceed with its claims in this action. Plaintiff has not wrongfully equated the subscriber of the internet service to the alleged infringer as Movant argues, but is instead seeking information essential to proceed in this lawsuit.

### C. Joinder is Proper at this Stage of the Litigation

Movant argues that Plaintiff has improperly joined the Defendants in this case. (*Id.* at 14-15, 17-20.) Movant states that "district courts within the state and across the nation [are] split on whether it is proper to join BitTorrent defendants in the same action." (*Id.* at 14.) With the exception of small minority of courts, courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.");

*First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *see also* Ex. A at 26 ("At this procedural juncture, the plaintiff has met the requirements of permissive joinder under Rule 20(a)(2). The unknown individuals referenced in the Complaint are not prejudiced by joinder, and severance would render it impossible for the plaintiff to protect its copyright."); Ex. B at 6-7 ("Complaints about improper joinder can hardly be justifiable before plaintiff even names the movants as actual defendants.").

Movant suggests that "Plaintiff could move for leave to qualify the Doe defendants as a class" under Federal Rule of Civil Procedure 23. (ECF No. 41 at 14.) In the very next paragraph, however, Movant cites a case that indicates that a class certification would likely unsuccessful. (*Id.* at 14-15) (citing *Digital Sin, Inc. v. John Does 1-245*, No. 11-8170 (S.D.N.Y. May 15, 2012). More importantly, however, Movant is not in the position to dictate how Plaintiff manages its lawsuit. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("plaintiff [is] the master of the Complaint."). Movant's suggestion that Plaintiff proceed in an unsuccessful manner is not a valid argument and is not basis for the relief Movant seeks.

11

Movant argues that joinder "is improper because Plaintiff failed to sufficiently plead the elements of joinder" and that "Plaintiff's Complaint does not contain a single reference to Rule 20(b), or single utterance of 'transaction or occurrence'." (ECF No. 41 at 17-18.) Movant provides no authority for the proposition that the elements of joinder must be specifically addressed in Plaintiff's complaint. (*See generally* ECF No. 41.) Indeed, joinder does not have to pled at all. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that the complaint only needs to contain "a short plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests.") Joinder is determined by the facts and circumstances of each case, and courts have consistently held that Plaintiff's pleadings meet the requirements of joinder. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 343 (D.D.C. 2011) ("While the Doe Defendants may be able to rebut these allegations later, the plaintiffs have sufficiently alleged that their claims against the defendants potentially stem from the same transaction or occurrence, and are logically related."); *Patrick Collins, Inc. v. Does 1-2,590*, No. 11-2766, 2011 WL 3740487 at *6 (N.D. Cal. 2011) (same). Movant further argues that Plaintiff did not "plead joint and several liability." (ECF No. 41 at 17.) This is simply false. (*See* ECF No. 27 at 10-11 (praying that the Court find "that the Doe Defendants are *jointly and severally liable* to Plaintiff in the full amount of the Judgment" for both its civil conspiracy and contributory infringement claims) (emphasis added).

Finally, Movant argues that permissive joinder could cause "numerous logistical burdens." (ECF No. 41 at 19-20.) Courts have found the opposite is true; joinder at this stage of the litigation promotes judicial economy at the early stage of litigation. *First Time Videos, LLC v. Does 1-500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 at *20 ("joinder at this stage

is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both [the plaintiff] and any future named defendants.) *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 344 (D.D.C. 2011) ("joinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5 (allowing joinder "at this stage in the proceedings would promote trial convenience and expedition of the ultimate determination of the substantive issues in this case."). Joinder is proper at this stage of the litigation and the Court should not sever or dismiss Movant from the case.

### D. Movant is Not Entitled to a Protective Order or to Require that Disclosure Be Made Under Seal

Movant argues that the Court should "enter a protective order prohibiting the public disclosure of any information relating to Defendant under the Subpoena or require that disclosure be made [u]nder seal." (ECF No 41 at 15.) In regards to Movant's motion for a protective order, Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant is not subject to Plaintiff's subpoenas. Thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

Movant cannot cloak his identity with privacy concerns when the infringing activities themselves are not private: "[I]t is difficult to say that Doe had a strong expectation of privacy

because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal). The Court should deny a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

In regards to Movant's request to require disclosure to be made under seal, a good cause showing is necessary to overcome the common law right of access to judicial proceedings. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'") (citation omitted). Movant has not shown good cause to require disclosure to be made under seal. Movant basically argues that this litigation will be "embarrassing." (ECF No. 41 at 15-16.) But litigation is inherently embarrassing for everyone involved, including Plaintiff. The Court should not grant Movant's request that disclosure be made under seal.

### E. Movant's Arguments Regarding the Merits of Plaintiff's Complaint are Premature

Movant challenges the merits of Plaintiff's complaint by arguing that "Plaintiff seeks damages above that which would make it whole." (ECF No. 41 at 20.) Challenges to the merits of Plaintiff's claims, however, are premature at this early stage of the litigation. Fed. R. Civ. P. 45(c)(3) (setting forth the exhaustive list of permissible grounds for quashing or modifying a subpoena); *see also Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While [arguments on the merits] may have merit, they are for another day."); *Achte/Neunte Boll Kino v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) ("the merits of this case are not relevant to the issue of whether the subpoena is valid and

enforceable."). The proper time to raise these arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may never choose to take based on its own evaluation of Movant's assertions. *AF Holdings LLC v. Does 1-31*, No. 12-20922 (S.D. Fla. June 28, 2012), ECF No. 24 ¶ 3 ("[Movant's] denial of liability for any type of copyright infringement is not a legal basis to grant any relief in this discovery matter. [Movant] is not yet a party to the action and thus, at best, her motion is premature."); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny Movant's motion because arguments on the merits are premature at this early stage of the litigation.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from fatal procedural defects. Movant's motion should be denied on the merits of its arguments.

Respectfully submitted,

First Time Videos LLC

DATED: August 30, 2012

By:   /s/ Joseph Perea
      Joseph Perea (Bar No. 47782)
      Joseph Perea, P.A.
      9100 S. Dadeland Blvd
      Suite 1500
      Miami, Florida 33156
      Telephone: (305) 934-6215
      Facsimile: (888) 229-4968
      E-mail: Perealaw@gmail.com
      *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 30, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Joseph Perea
    JOSEPH PEREA