UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12–Civ–21952-JAL-JJO

FIRST TIME VIDEOS LLC,

    Plaintiff,

v.

DOES 1-25,

    Defendant.

Judge: Honorable Joan A. Lenard

Magistrate Judge: Honorable John O'Sullivan

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO DISMISS**

Mark Russ ("Movant") filed a motion to dismiss the action. (ECF No. 47.) Movant argues that the Court lacks personal jurisdiction over Movant. (*Id.* ¶¶ 1-5.) Movant also argues that Plaintiff has impermissibly joined the Defendants in this action. (*Id.* ¶¶ 6-9.) For the reasons set forth below, Movant's motion should be denied.

**ARGUMENT**

This brief consists of three parts. Part I argues that Movant's lacks standing to move to dismiss the action. Part II argues that Movant's personal jurisdiction arguments are premature. Part III argues that joinder is proper at this stage of the litigation.

**I. MOVANT LACKS STANDING TO MOVE TO DISMISS THE ACTION**

Movant lacks standing to move for dismissal because he is not yet a party to this action. *See* Fed. R. Civ. P. 12(b) ("[A] *party* may assert [Rule 12(b)] defenses by motion …") (emphasis added); *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (explaining that under common law, unserved parties are nonparties). At this procedural

1

juncture, Movant is simply a third-party who may later be named as a defendant in this action—at which time Movant would have standing to move for dismissal of Plaintiff's complaint. Until that time, however, Movant lacks standing to do so and his motion to dismiss must be denied.

## II. MOVANT'S CHALLENGES TO PERSONAL JURISDICTION ARE PREMATURE

Movant argues that "Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction." (ECF 47 ¶ 2.) In each of the cases cited by Movant in support of his argument, the defendants were known to the Plaintiff and were named and served in the cases. (*Id.* ¶¶ 2-3.) Here, however, the identities of the Defendants are unknown and no Defendant has been named or served in this case. Movant's challenges to personal jurisdiction are premature at this stage of the litigation, because the Court has limited means to evaluate Movant's specific connections with this forum. *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court finds [movant's] arguments concerning personal jurisdiction to be premature as it remains unclear whether this individual is a party to this litigation. Moreover, the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *6 ("The Court does not have the necessary information to evaluate issues of personal jurisdiction at this time."); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record); *see also* ECF Nos. 56-1, 56-2.

A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3; *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court finds [movant's] arguments concerning personal jurisdiction to be premature as it remains unclear whether this individual is a party to this litigation. Moreover, the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 347-48 (D.D.C. 2011). After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### III. JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that "Plaintiff has impermissibly joined multiple defendants." (ECF No. 47 ¶ 9.) The majority of courts across the country, considering cases with nearly identical facts, however, have decided that joinder is proper at this stage in the litigation. *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases

3

involving file sharing through BitTorrent protocol have held that joinder is appropriate."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *see also* ECF Nos. 56-1, 56-2.

Movant argues that joinder is improper because "each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law." (ECF No. 47 ¶ 7.) For joinder to be proper, however, it is not required that every question of law or fact be identical among the defendants, only that "*any* question of law or fact common to all defendant will arise in the action." Fed. R. Civ. P. 20(a)(1)(B) (emphasis added). Plaintiff meets this requirement because the Defendants share the same questions of law with respect to copyright infringement, including but not limited to (1) whether "copying" has occurred within the meaning of the Copyright Act, (2) whether entering a torrent swarm constitutes a willful act of infringement, (3) whether entering a torrent swarm constitutes a civil conspiracy, and (4) whether and to what extent Plaintiff has been damaged by the Defendant's conduct. Plaintiff has met the requirements of joinder so joinder of the Defendants in this action is proper.

The cases cited by Movant in support of his misjoinder argument are not applicable to the present case because they materially distinguishable. The decisions in *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), and *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. 04-04862 (N.D. Cal. Nov. 16, 2004), all cited by Movant (ECF No. 47 ¶ 8), involve different file transfer protocols, different pleadings and different procedural contexts. Indeed, the plaintiffs in those cases did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, in *Interscope Records*, Doe #1 was alleged to have infringed on recordings by Bonnie Raitt, En Vogue, Usher, Celine Dion, Dr. Dre, Johnny Kemp, Whitney Houston, and Trick Daddy, while Doe #2 was alleged to have infringed on recordings by Outkast, Cypress Hill, Radiohead, DMX, Nirvana, Chris Isaak, Lenny Kravitz, and Aqua—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, No. 04-00197, ECF No. 1 (alleging only that the defendants committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading where it is alleged that Defendants violated a *single* copyright work, belonging to a *single* Plaintiff, and that the infringers *actually interacted with each other* in a single BitTorrent swarm. (ECF No. 1.)

The cases cited by Movant are further distinguishable because they all involved the FastTrack, and not the BitTorrent, protocol. Unlike the BitTorrent protocol, FastTrack never had swarms that required the cooperation and concerted action of many users; it only had individual file transfers. Therefore, the plaintiffs in the cases cited by Movant could only allege violations of the same law by using the same means. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20,

*LaFace Records*, No. 07-cv-00298 (Aug. 8, 2007) ("[E]ach Defendant is alleged to have committed violations of the same law (e.g., copyright law), by committing the same acts (e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs), and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the same ISP.")  It is no wonder that the courts in these cases found these allegations to be insufficient for joinder: the alleged connection between the defendants is about as robust as the allegation that bank thieves robbed a bank at different times, but used the same get-away route.

## CONCLUSION

The Court should deny Movant's motion. Movant's lacks standing to move to dismiss the action. Movant's personal jurisdiction arguments are premature. Joinder is proper at this stage of the litigation.


Respectfully submitted,

First Time Videos LLC

DATED: September 4, 2012

By:  /s/ Joseph Perea
Joseph Perea (Bar No. 47782)
Joseph Perea, P.A.
9100 S. Dadeland Blvd
Suite 1500
Miami, Florida 33156
Telephone: (305) 934-6215
Facsimile: (888) 229-4968
E-mail: Perealaw@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 4, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Joseph Perea
    JOSEPH PEREA