UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12–Civ–21952-JAL-JJO

FIRST TIME VIDEOS LLC,

    Plaintiff,

v.

DOES 1-25,

    Defendant.

Judge: Honorable Joan A. Lenard

Magistrate Judge: Honorable John O'Sullivan

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR PROTECTIVE ORDER**

Mark Russ ("Movant") filed a motion for a protective order. (ECF No. 49.) Movant states that the purpose of his pleading "is to protect his identity from being disclosed to the Plaintiff." (ECF No. 49 ¶ 4.) Movant, however, has disclosed his identity in his pleading, thereby making his request moot. (*Id.* at 2.) Even if Movant's request was not moot, he has not set forth a valid basis for a protective order. For the reasons set forth below, Movant's motion should be denied.

**ARGUMENT**

This brief consists of two parts. Part I argues that Movant lacks standing to move for a protective order. Part II argues that Movant is not entitled to a protective order.

**I. MOVANT LACKS STANDING TO MOVE FOR A PROTECTIVE ORDER**

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case as no one has yet been named or served in this action. Nor is Movant a person

1

from whom discovery is sought. Plaintiff sought (ECF No. 6), and was granted (ECF No. 16), discovery from ISPs. All subpoenas issued pursuant to the Court's order of May 31, 2012 (*id.*) were issued to nonparty ISPs. Movant, therefore, lacks standing to move for a protective order.

## II. MOVANT IS NOT ENTITLED TO A PROTECTIVE ORDER

Movant requests a protective order, seeking to protect his identity from disclosure to Plaintiff despite voluntarily identifying himself in his filings. (ECF No. 49.) Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c)(1). Movant does not qualify for such an order, as Movant is not subject to Plaintiff's subpoenas, and thus, Movant does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order therefore fails.

A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movant cannot cloak his identity in the First Amendment when the infringing activities themselves are not private: "[I]t is difficult to say that

Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal). The Court should deny a protective order because Movant is not subject to Plaintiff's subpoenas and Movant's privacy interests are minimal.

## CONCLUSION

The Court should deny Movant's motion. Movant's lacks standing to move for a protective order. Movant is not entitled to a protective order.

Respectfully submitted,

First Time Videos LLC

DATED: September 4, 2012

By:   /s/ Joseph Perea
Joseph Perea (Bar No. 47782)
Joseph Perea, P.A.
9100 S. Dadeland Blvd
Suite 1500
Miami, Florida 33156
Telephone: (305) 934-6215
Facsimile: (888) 229-4968
E-mail: Perealaw@gmail.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 4, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

    /s/ Joseph Perea
    JOSEPH PEREA